COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MILTON EARL OAKLEY
                                    MEMORANDUM OPINION*
v.    Record No. 2928-99-3              PER CURIAM
                                      MARCH 28, 2000
YELLOW FREIGHT SYSTEMS, INC.


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Milton E. Oakley, pro se, on brief).

              (S. Vernon Priddy, III; Sands, Anderson,
               Marks & Miller, on brief), for appellee.


     Milton E. Oakley contends that the Workers' Compensation

Commission erred in finding that he failed to prove that he

remained disabled after August 11, 1998 as a result of his

compensable January 28, 1998 injury by accident.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that Oakley's evidence

sustained his burden of proof, the commission's findings are

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

binding and conclusive upon us.  See Tomko v. Michael's

Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In affirming the deputy commissioner and ruling that Oakley

failed to prove continuing disability after August 11, 1998, the

commission held as follows:

> In a case involving a specialized condition
> such as this one, it was proper for the
> Deputy Commissioner to consider and give
> greater weight to the opinions of the
> specialists, Drs. [Steven M.] Koenig and
> [Dennis J.] Darcey.  They believe [Oakley's]
> symptoms were not related to his exposure to
> fumes on January 28, 1998.  Although it
> appears that [Oakley's] family physicians
> related [his] condition to his work exposure
> and kept him out of work, none of the other
> doctors did the same.  Even Dr. [J. Gordon]
> Burch, upon whose opinion [Oakley] relies,
> found that [Oakley] could perform at least
> light duty work from January 1999.
>
> Dr. Burch's opinion contained in a
> January 26, 1999, letter from [Oakley's]
> counsel, relating [Oakley's] condition to
> his work injury, is insufficient given his
> deposition testimony and other medical
> records.  It is apparent from Dr. Burch's
> medical records that he is unclear as to the
> etiology of [Oakley's] symptoms.  In his
> deposition, Dr. Burch admitted that while he
> was "52 to 55 percent confident" that
> [Oakley's] disorder was caused by the
> chemical exposure, he could not "say with
> precision" the mechanism of the injury and
> admitted that he was just "theorizing."  The
> Deputy Commissioner correctly gave this
> opinion little weight.

In its role as fact finder, the commission was entitled to

weigh the medical evidence, to accept the opinions of the

specialists, Drs. Koenig and Darcey, and to reject Dr. Burch's

opinion. "Medical evidence is not necessarily conclusive but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

The commission's findings, based upon the opinions of Drs. Koenig and Darcey, are binding and conclusive upon us. Thus, we cannot say as a matter of law that Oakley's evidence sustained his burden of proving disability after August 11, 1998 causally related to his compensable injury by accident. See Tomko, 210 Va. at 699, 173 S.E.2d at 835.

For these reasons, we affirm the commission's decision.

Affirmed.